United States District Court
Southern District of Texas
**ENTERED**
February 01, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BADIH AHMAD AHMAD, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO: H-17-0243 |
| § | |
| LORIE DAVIS, § | |
| Director of the Texas Department § | |
| of Criminal Justice - Correctional § | |
| Institutions Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Badih Ahmad Ahmad's petition for writ of habeas corpus has been referred to this court for report and recommendation (Dkt. 3). On January 17, 2017, Ahmad was convicted based on his guilty plea of driving while intoxicated, 3d offense, and sentenced to 2 years in prison.[1] He filed this federal petition for writ of habeas corpus on January 20, 2017. He challenges the denial of his right to self-representation.

A federal petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court cannot be granted unless the petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts, including the highest court of the state, are required to have a fair opportunity to apply the controlling federal constitutional principles to the same allegations before federal court review. *Smith v. Quarterman*, 515 F.3d 392, 402 (5th Cir. 2008).

Ahmad has not challenged his conviction in state court either through direct appeal

---

[1] Dkt. 1 at 2-3.

or on state habeas review.[2] Therefore, this petition should be dismissed without prejudice.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on February 1, 2017.

Stephen Wm Smith
United States Magistrate Judge

---

[2] Ahmad previously filed a state application for habeas corpus as a pre-trial detainee alleging he was denied his constitutional right to represent himself. The trial court denied relief, and the state court of appeals dismissed his appeal for lack of jurisdiction because a claim for self-representation is not cognizable on pre-trial habeas. *Ex parte Badih Ahmad Ahmad*, No. 14-16-0175-CR (Tex. App. Harris Cty [14th Dist.] June 16, 1016). Such a pre-trial claim is also not cognizable in a federal habeas case, *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987), but in any event Ahmad is no longer a pre-trial detainee and his current petition challenges his conviction.